THE LINDE LAW FIRM
DOUGLAS A. LINDE, State Bar No. 217584
  *dal@lindelaw.net*
ERICA ALLEN GONZALES, State Bar No. 234922
  *eag@lindelaw.net*
9000 Sunset Blvd., Ste. 1025
Los Angeles, California 90069
Telephone: (310) 203-9333
Facsimile: (310) 203-9233

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
  *crowther@caldwell-leslie.com*
MICHAEL D. ROTH, State Bar No. 217464
  *roth@caldwell-leslie.com*
PUNEET V. KAKKAR, State Bar No. 259816
  *kakkar@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendants Live Nation Merchandise, Inc.; Gap, Inc.; Old Navy, LLC; Old Navy (Apparel), LLC; and C-Life Group Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GLEN E. FRIEDMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>LIVE NATION MERCHANDISE, INC.; GAP, INC.; OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; C-LIFE GROUP LTD.; and DOES 1 through 10, inclusive,<br><br>            Defendant. | Case No. CV 12-07485 MWF (VBKx)<br><br>**ORDER RE STIPULATION RE CONFIDENTIAL INFORMATION**<br><br>**DISCOVERY MATTER** |

CALDWELL
LESLIE &
PROCTOR

WHEREAS, during the discovery process in this action, Plaintiff Glen E. Friedman ("Plaintiff"), and Defendants Live Nation Merchandise, Inc. ("Live Nation"), Gap, Inc., Old Navy, LLC, Old Navy (Apparel), LLC, and C-Life Group Ltd. (collectively, "Defendants") have been and may be requested to provide certain documents, things, responses to requests for admission, responses to interrogatories, and/or testimony that each of them contends may contain trade secrets or other confidential and private commercial, financial and/or proprietary information;

WHEREAS, Plaintiff and Defendants (collectively, the "Parties") are desirous of protecting such information from inappropriate disclosure, including disclosure to competitors which would harm the Parties' businesses;

WHEREAS, in light of the concerns of inappropriate disclosure, good cause exists for the entry of a protective order in the above-captioned action (the "Action") pursuant to Federal Rule of Civil Procedure 26(c);

WHEREAS, in a related matter brought by Plaintiff, *Friedman v. Live Nation Merchandise, Inc.*, CV 11-02047-MWF-VBK, the Court signed a similar protective order with a modification that is reflected herein (*see* Doc. 33 filed 8/23/11);

IT IS HEREBY STIPULATED by and between the Parties, through their respective counsel of record, that, subject to the approval of the Court, a protective order may be entered in the Action that shall govern the handling of all information contained in documents, deposition testimony, depositions, exhibits, and any other written, recorded or graphic material, hereinafter referred to as "Discovery Material" produced by any party, or obtained by any party hereto from a non-party witness in connection with this Action, whether or not in response to a formal discovery request. The provisions of this Confidentiality Stipulation and Protective Order ("Protective Order") shall also apply to any non-party who provides Discovery Material and agrees in writing to be bound to the terms of this Protective Order. References to a "party" or "parties" herein shall also include such non-parties.

1.      This Protective Order governs the designation, disclosure and use of trade secrets or other confidential and private commercial, financial and/or proprietary information in this Action and any appeals or retrials through final judgment.  This Protective Order shall govern until modified or superseded by a further order of this Court.

2.      In this Protective Order, the terms "CONFIDENTIAL INFORMATION," and "HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY" shall mean information so designated in compliance with this Protective Order.  Information so designated may be (without limitation) all or part of a document or thing, testimony, interrogatory, answer, admission or other form of evidence or discovery.

3.      Any person, including non-parties, producing documents, information, or other materials in this Action ("Producing Party") may designate as CONFIDENTIAL INFORMATION any information, thing, testimony, answers, documents, or other Discovery Material of a confidential, sensitive nature that (a) the Producing Party and its counsel (if the party is represented by counsel) reasonably and in good faith believe is in fact confidential and private; or (b) has only been disclosed pursuant to a protective order or non-disclosure agreement.

4.      Any Producing Party may designate any confidential information as HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY that such party and its counsel (if the party is represented by counsel) believe in good faith is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, (i) proprietary trade secrets or competitively sensitive data, (ii) customer lists, (iii) customer information, (iv) business, product or marketing plans, (v) cost data, (vi) pricing information, (vii) internal training materials, (vii) market studies or forecasts, (ix) nonpublic financial data, (x) information concerning development activities for products, (xi) non-public technical information for products, (xii)

information protected by statute or privacy laws and (xiii) research or development or other activities or other non-public information concerning or relating to current or future products.

5. A Producing Party may designate Discovery Material as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY at the time it produces the material.

6. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be so designated by the following procedure:

(a) When a document to be produced for inspection contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, the Producing Party shall so notify the inspecting party by designating the document as described in Paragraph 7. A document produced for inspection for which such notice has been given shall be inspected only by persons authorized to receive such information as provided herein.

(b) The Producing Party shall designate documents as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY by marking, according to the provisions of Paragraph 7, each page of the copy that is or contains such information. If any page of a multi-page document is designated, the Producing Party shall also indicate on the first page of the document that it contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY.

(c) In the case of information produced in electronic media, such as CDs or DVDs, the designation shall be made by placing the Legend on the exterior of the CD, DVD or other media. When information is printed out from such media,

1 the Receiving Party shall ensure that each page of all copies of the printed-out
2 materials contains the appropriate designation.
3         (d)     When deposition testimony is or contains CONFIDENTIAL
4 INFORMATION or HIGHLY CONFIDENTIAL INFORMATION —
5 ATTORNEYS' EYES ONLY, any attorney of record present may so designate that
6 by notifying others present on the record of the deposition. The deposition reporter
7 shall then so mark each page of the transcript that reports designated testimony.
8 Alternatively, any party may, until and including fourteen (14) days after
9 transmission of a copy of said deposition transcript by the deposition reporter,
10 designate by page and line or exhibit description those portions of the transcript or
11 exhibits which contain CONFIDENTIAL INFORMATION or HIGHLY
12 CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY. All
13 transcripts and exhibits from depositions taken in this Action shall be deemed to
14 contain HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES
15 ONLY until and including fourteen (14) days after transmission of said deposition
16 transcript to all counsel of record for the parties by the deposition reporter.
17         (e)     When responses to interrogatories or requests to admit contain
18 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
19 INFORMATION — ATTORNEYS' EYES ONLY, the responding party shall so
20 mark the cover page and each succeeding page of its response that contain such
21 information pursuant to Paragraph 7.
22     7.      CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
23 INFORMATION — ATTORNEYS' EYES ONLY shall be marked by the
24 placement of an appropriate stamp, sticker or other indicia of substantially the
25 following form: "CONFIDENTIAL INFORMATION"; or "HIGHLY
26 CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."
27     8.      (a)     Any CONFIDENTIAL INFORMATION or HIGHLY
28 CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, or any

CALDWELL
LESLIE &
PROCTOR

- 4 -

document incorporating such information, that is filed or lodged with the Court shall be filed or lodged with the Court in accordance with the procedures to file or lodge documents under seal, as set forth in the Local Rules of this Court.

(b) A copy of all material filed or lodged with the Court under seal, redacted to remove all confidential information, shall be placed in the public court file.

(c) For any papers to be filed with the Court pursuant to Paragraph 8(a), the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY (if such portion can be segregated) under seal; and that application shall be directed to the judge to whom the papers are directed.

9. CONFIDENTIAL INFORMATION may be disclosed only to persons in the following categories who have the actual need to review CONFIDENTIAL INFORMATION:

(a) outside attorneys and their working staff handling this matter for counsel of record for a party in this Action;

(b) employees, representatives or consultants of a party to this Action, provided that, before any CONFIDENTIAL INFORMATION is disclosed to any such individual, counsel desiring to disclose CONFIDENTIAL INFORMATION to such individual shall first obtain from such individual a signed Undertaking in the form of Exhibit "A" hereto.  Counsel shall maintain the original signed Undertakings in accordance with Paragraph 20, and deliver them to the Court for *in camera* inspection as may be directed by the Court;

(c) outside experts, advisors or consultants (*i.e.*, not current employees or affiliates of a Party or an affiliate of a Party) and their support staff, retained by counsel of record in this Action, but only to the extent reasonably deemed necessary by such counsel of record, provided that, before any

CONFIDENTIAL INFORMATION is disclosed to any such outside expert, advisor or consultant or their support staff, counsel desiring to disclose CONFIDENTIAL INFORMATION to such outside expert, advisor or consultant or their working staff shall first obtain from such individual a signed Undertaking in the form of Exhibit "A" hereto.  Counsel shall maintain the original signed Undertakings in accordance with Paragraph 20, and deliver them to the Court for *in camera* inspection as may be directed by the Court;

   (d) any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this Action;

   (e) any representative of the party that produced the CONFIDENTIAL INFORMATION to the extent the representative has authority to access such information;

   (f) personnel of outside photocopy firms or graphics firms (*i.e.*, not current employees or affiliates of a Party or an affiliate of a Party) engaged by a party;

   (g) a former employee, former independent contractor or former consultant of the party that produced the CONFIDENTIAL INFORMATION who authored, received or was shown the information during his or her employment by the Producing Party.  This Paragraph will not prevent the disclosure, during a deposition, of a document containing CONFIDENTIAL INFORMATION to a deponent who was an employee, an independent contractor or a consultant of the Producing Party when that document was created.  Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent during his or her employment by the party.  If the former employee, former independent contractor or former consultant authored, received or was shown the document during his or her employment by the Producing Party during

this transactions at issue in this litigation, he or she may be subject to further examination regarding that document;

  (h) any third party who authored, received or was shown to documents marked by a Producing Party as CONFIDENTIAL INFORMATION in the course of his or her activities relating to the transactions at issue in this litigation. This Paragraph will not prevent the disclosure, during a deposition, of a document containing CONFIDENTIAL INFORMATION to a deponent who authored, received or was shown the document in the course of his or her activities relating to the transactions at issue in this litigation when that document was created. Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent in the course of that deponent's activities relating to the transactions at issue in this litigation. If the third party authored, received or was shown the document in the course of that deponent's activities relating to the transactions at issue in this litigation, he or she may be subject to further examination regarding that document; and/or

  (i) any mediator selected by the parties or duly appointed by the Court in this action.

  10. HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY may be disclosed only to persons in the following categories who have the actual need to review HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY:

  (a) outside attorneys and their working staff handling this matter for counsel of record for a party in this Action;

  (b) outside experts, advisors or consultants (*i.e.*, not current employees or affiliates of a Party or an affiliate of a Party) and their support staff, retained by counsel of record in this Action, but only to the extent reasonably deemed necessary by such counsel of record, provided that, before any HIGHLY

CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY is disclosed to any such outside expert, advisor or consultant or their support staff, counsel desiring to disclose HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to such outside expert, advisor or consultant or their working staff shall first obtain from such individual a signed Undertaking in the form of Exhibit "A" hereto. Counsel shall maintain the original signed Undertakings in accordance with Paragraph 20, and deliver them to the Court for *in camera* inspection as may be directed by the Court;

  (c) any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this Action;

  (d) any representative of the party that produced the HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to the extent the representative has authority to access such information;

  (e) personnel of outside photocopy firms or graphics firms (*i.e.*, not current employees or affiliates of a Party or an affiliate of a Party) engaged by a party;

  (f) a former employee, former independent contractor or former consultant of the party that produced the HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY who authored, received or was shown the information during his or her employment by the Producing Party. This Paragraph will not prevent the disclosure, during a deposition, of a document containing HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to a deponent who was an employee, an independent contractor or a consultant of the Producing Party when that document was created. Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent during his or her employment by the party. If the former employee, former independent contractor or former consultant authored, received or

1 was shown the document during his or her employment by the Producing Party
2 during this transactions at issue in this litigation, he or she may be subject to further
3 examination regarding that document;

4    (g) any third party who authored, received or was shown to
5 documents marked by a Producing Party as HIGHLY CONFIDENTIAL
6 INFORMATION — ATTORNEYS' EYES ONLY in the course of his or her
7 activities relating to the transactions at issue in this litigation.  This Paragraph will
8 not prevent the disclosure, during a deposition, of a document containing HIGHLY
9 CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to a deponent
10 who authored, received or was shown the document in the course of his or her
11 activities relating to the transactions at issue in this litigation when that document
12 was created.  Such deponent may be shown such document during the course of his
13 or her deposition for the limited purpose of determining whether that document was
14 authored, received by or shown to that deponent in the course of that deponent's
15 activities relating to the transactions at issue in this litigation.  If the third party
16 authored, received or was shown the document in the course of that deponent's
17 activities relating to the transactions at issue in this litigation, he or she may be
18 subject to further examination regarding that document; and/or

19    (h) any mediator selected by the parties or duly appointed by the
20 Court in this action.

21   11. A party may disclose CONFIDENTIAL INFORMATION or HIGHLY
22 CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY in a pre-trial
23 court proceeding upon consent of the Producing Party or permission of the Court.

24   12. (a) The substance or content of any CONFIDENTIAL
25 INFORMATION, as well as any notes, abstracts, copies, summaries and
26 memoranda relating thereto shall not be disclosed to or accessible by anyone other
27 than a person qualified to obtain CONFIDENTIAL INFORMATION pursuant to

28

this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as CONFIDENTIAL INFORMATION in all respects.

   (b) The substance or content of any HIGHLY CONFIDENTIAL INFORMATION —ATTORNEYS' EYES ONLY, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY pursuant to this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be treated as HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY in all respects.

   (c) Notwithstanding the restrictions of this Paragraph, an attorney qualified to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY under this Protective Order shall not be precluded from rendering legal advice to or discussing with his or her client in this litigation the merits of any issue in this litigation, as long as the specific substance or content of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY is not revealed to a person not qualified to receive such information under the terms of this Protective Order.

  13. All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY shall be used solely in preparation for mediation, trial and/or appeal in this Action, and for no other action, dispute or claim. Except as otherwise provided in this Protective Order, these materials shall not be used or disclosed at any other time or for any other purpose whatsoever.

  14. Information acquired from the opposing side that is designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY may be used by the recipient

only for this Action and not for any business purpose, or for publicity, or for any purpose other than pursuit of its claims in this Court.  Such material may not be used or published in press releases, interviews, advertising, or communications with customers of the Producing or Receiving Parties.

15. Except as provided in Paragraph 16, it shall be the duty and responsibility of counsel of record to ensure that documents and things containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review such information under this Protective Order and all copies of such information shall not be kept on any of the premises of the Receiving Party. Counsel of record shall be directly responsible to the Court for fulfilling these responsibilities.

16. The inadvertent or unintended disclosure by a party of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, including but not limited to an inadvertent failure to designate as confidential or privileged such Discovery Material within the time periods prescribed by this Protective Order, shall not be deemed a waiver in whole or in part of a subsequent claim of protection under this Protective Order, either as to the specific information disclosed or as to any other information, provided that the inadvertent or unintended disclosure is promptly identified after discovery by the Producing Party and notice of the claim of protection is given to the other parties.  A party receiving notice of a changed designation or claim of protection shall take reasonable steps to comply with such designation, including the retrieval of documents that have been distributed in a manner inconsistent with the new designation.

17. A party shall not be obligated to challenge the propriety of any designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION ATTORNEYS' – EYES ONLY at the time of designation, and a failure to do so shall not preclude a subsequent challenge to the designation. If a party objects to any designation of such information the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may seek appropriate relief from the Court by filing a Joint Stipulation pursuant to Local Civil Rules 37-1 and 37-2 and by following the Court's orders concerning the attorneys' meet and confer procedures in this Action. The burden of showing entitlement to a designation shall be on the Producing Party. Pending resolution of an objection, the designated material shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY in accordance with the designation.

18. Within forty-five (45) days after the termination of this Action including all appeals thereof, the originals and all copies of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY received by any party or its attorney or third-party as a result of this Action shall, upon request, be destroyed or given to the party that produced such information or to its attorney. A copy of all court filings, discovery responses, and court and deposition transcripts (including exhibits) may be retained in the files of outside counsel for the parties. Similarly, correspondence, electronic drafts, written discovery responses, expert reports and attorney notes containing any such information may be retained by outside counsel. Any information retained shall be maintained pursuant to this Protective Order, and by retaining the information, outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.

19. Parties shall, upon request, provide a certification in writing to all other parties in this Action that they have complied with the requirements of Paragraph 21 within sixty (60) days of the termination of this Action.

20. Unless otherwise directed by the Court, counsel of record for each party shall maintain the original signed Undertakings provided to such counsel under Paragraph 9(b) until after the termination of this Action including all appeals thereof. Unless otherwise directed by the Court, counsel of record responsible for retention of outside experts, advisors or consultants and their support staff under Paragraphs 9(c) and 10(b) shall maintain the original signed Undertakings for such individuals retained by that counsel until after the termination of this Action including all appeals thereof. Counsel of record for each party shall also make every reasonable effort to ensure that all persons or entities that have been provided CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY provided under the provisions of this Protective Order comply with the obligations of Paragraph 15. This includes, among other things, an obligation by counsel of record for each party to make every reasonable effort to ensure that consultants or experts retained by that party comply with Paragraph 15.

21. Should any party, or person qualified to obtain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY hereunder, or their agents or representatives, receive any request for such information produced in this Action, whether through formal compulsory process or lawful authority of the court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for all parties hereto in order to allow said party or parties to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith. Notwithstanding the above, however, nothing in this

CALDWELL
LESLIE &
PROCTOR

Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action or proceeding.

22. If any designated material is disclosed to any person other than as authorized by this Protective Order, the party learning of the disclosure will immediately bring all pertinent facts relating to such disclosure to the attention of the designating party. The party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

23. If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall promptly give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order. Unless otherwise provided in an express written agreement between the party requested to provide the information and the third party, and when the above-referenced written notice is given to the third party, the party requested to produce the information will advise the potential Receiving Party that such notice has been given. The third party shall have twenty-one (21) days from receipt of such written notice in which to seek relief from the Court, if the third party so desires. If such twenty-one (21) days elapse without the third party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order. Notwithstanding the foregoing, if there is an express written agreement between the party requested to produce the information and the third party, the provisions of that written agreement shall control with respect to the

production of materials governed by that written agreement, unless otherwise ordered by the Court.

24. Upon final termination of this Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Protective Order.

25. The Parties agree to be bound by the terms of this Protective Order prior to its entry by the Court such that they may begin marking and producing documents pursuant to the terms herein immediately.

26. Nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit. Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Protective Order. Such agreements may be submitted to the Court for entry as an order.

27. Third parties who are requested to produce documents or things or provide testimony in this Action may avail themselves of the provisions of this Protective Order and designate documents, things or testimony containing confidential information in accordance with the provisions of this Protective Order.

28. Any party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order as that party may consider appropriate, including such information that it may have relating to third parties to this Action.  Similarly, any party may apply to the Court for relief from the provisions of this Protective Order at any time.

29. Nothing in this Protective Order shall be deemed to be, or construed as, an admission that any confidential information or Discovery Material is relevant or otherwise admissible in evidence, and the parties expressly reserve all objections as to the admissibility, authenticity and/or relevance of any confidential information or Discovery Material at trial.

- 15 -

30. The restrictions and obligations set forth herein relating to confidential information shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a Receiving Party or (iii) has come or shall come into the Receiving Party's legitimate possession independently of the Producing Party. The party seeking to use information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY shall have the burden of proving that it is entitled to the use of such information.

31. This Protective Order does not govern the use of any material at trial or in other public proceedings before the Court. Prior to any trial, the parties shall meet and confer in good faith to determine a method for introducing at trial documents and materials which have been designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY. The parties shall also agree to remove any and all legends designating any documents and materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY that may be introduced into evidence at trial prior to the members of the jury viewing such documents and materials. The parties shall submit their proposed method to the Court for approval.

**SIGNATURES ON FOLLOWING PAGE**

CALDWELL
LESLIE &
PROCTOR

**IT IS SO ORDERED.**

DATED:  April _18_, 2013

                                        /s/
                             Victor B. Kenton
                             UNITED STATES MAGISTRATE JUDGE

Submitted by:
CALDWELL LESLIE & PROCTOR, PC

    /s/ Robyn C. Crowther
By     ROBYN C. CROWTHER
    Attorneys for Defendants Live Nation
Merchandise, Inc.; Gap, Inc.; Old Navy, LLC; Old Navy (Apparel), LLC; and C-Life Group Ltd.

Submitted by:
THE LINDE LAW FIRM

    /s/ Erica Gonzales
By     ERICA GONZALES
    Attorneys for Plaintiff Glen E. Friedman

CALDWELL
LESLIE &
PROCTOR

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GLEN E. FRIEDMAN,<br><br>      Plaintiff,<br><br>      v.<br><br>LIVE NATION MERCHANDISE, INC.; GAP, INC.; OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; C-LIFE GROUP LTD.; and DOES 1 through 10, inclusive,<br><br>      Defendant. | Case No. CV 12-07485 MWF (VBKx)<br><br>**UNDERTAKING** |

    1. My full name is:_____

    2. My address is: _____

    3. My present employer is: _____

    4. My job description is: _____

    5. My prior regular employment or past or present regular employments with any party to the above-referenced action are: _____

    6. I request access to the following types of information designated under the Protective Order in this case (check all that apply):

        _____ CONFIDENTIAL INFORMATION

        _____ HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY

7.  I have received a copy of the Protective Order entered in the above-referenced action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order and agree to be bound by the Order's terms.

8.  I will not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to anyone not authorized to gain access to that information under the Protective Order. I will use any such information only with respect to this Action including any appeals or retrials.

9.  I will return all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY that comes into my possession and all documents or things which I have prepared relating to such information, to an attorney representing the party that has employed or retained me.

10.  I submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____, this ___ day of _____, _____.

_____        Signature:  _____
Dated                         Name:       _____
                              Address:    _____
                                          _____
                              Telephone:  _____

Employer or Business Affiliation:

CALDWELL
LESLIE &
PROCTOR

2